UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CECILIA GULLAS and PAUL GULLAS, *pro se*, :
:
Plaintiffs, :
: **SUMMARY ORDER**
-against- :
: 12-cv-2301 (DLI)(VVP)
37-31 73RD ST. OWNERS CORP., :
:
:
Defendant. :
------------------------------------------------------------------------x

On May 9, 2012, *pro se* plaintiffs Cecilia and Paul Gullas ("Plaintiffs") filed this action, apparently *ex parte*, alleging that defendant 37-31 73rd St. Owners Corp. ("Defendant") "will evict us tomorrow from co-op apartment which is fully paid for, no mortgage, without due process of the law," and asserting unspecified "counterclaims" for $375,000. (Compl. at 1.) Plaintiffs purport to bring their claim pursuant to the Fourteenth Amendment to the United States Constitution. (*See* Civil Cover Sheet, Dkt. Entry 1.) Plaintiffs also seek an order to show cause for a preliminary injunction and temporary restraining order (collectively, "TRO") enjoining Defendant from evicting Plaintiffs from their apartment in Queens, New York. (*See* Order to Show Cause, Dkt. Entry 3, at 1.) Plaintiffs also seek to proceed *in forma pauperis*. (*See* Dkt. Entry 2.) The court grants Plaintiffs' requests to proceed *in forma pauperis* solely for the purpose of this Summary Order. For the reasons set forth below, Plaintiffs' request for a preliminary injunction and a temporary restraining order is denied and their complaint is dismissed, without prejudice to pursue any other remedies they may have in state court.

I.  **Notice to Defendant**

As an initial matter, Plaintiffs' request for a TRO is denied because Plaintiffs have not filed an affidavit of service showing that they served their submission on Defendant, and have

1

only stated that "we have informed the other party that we will file OSC." (Aff. at 1, Dkt. Entry 3.) Under Federal Rule of Civil Procedure 65:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b); *see also* Local Civ. R. 6.1(d) ("No *ex parte* order, or order to show cause to bring on a motion, will be granted except upon a clear and specific showing by affidavit of good and sufficient reasons why a procedure other than by notice of motion is necessary, and stating whether a previous application for similar relief has been made."). Here, Plaintiffs have neither shown that Defendant was given notice of this motion nor made any showing as to why notice should not be required. For this reason, Plaintiffs' request for a TRO is denied.

## II.    Failure to State a Claim

Additionally, Plaintiffs' request for TRO must be denied and their Complaint dismissed because they have failed to state a claim upon which relief may be granted. In reviewing Plaintiffs' Complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court must nevertheless dismiss an *in forma pauperis* action at any time when it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*,

2

556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679 (internal citations and quotation marks omitted).

Here, Plaintiffs' assertion that Defendant seeks to evict them without due process of the law in violation of the Fourteenth Amendment to the United States Constitution fails to state a claim. A party can bring a claim alleging a constitutional due process violation pursuant to 42 U.S.C. § 1983, which imposes liability for "the deprivation of any rights, privileges, or immunities secured by the Constitution." However, the statute "addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of West Hartford*, 954 F. 2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as a willful participant in joint activity with the State or its agents." *Id*. (quotation marks omitted). Defendant is apparently a private corporation and there is no allegation that Defendant conspired with the government to evict Plaintiffs. Thus, Plaintiffs have failed to state a claim for a violation of their due process under the United States Constitution. Their order to show cause, therefore, is denied and their Complaint is dismissed.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F. 3d 99, 112 (2d Cir. 2000). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F.

3d 37, 45 (2d Cir. 2009). Here, Plaintiffs' Complaint and other submissions give no indication that they have a colorable claim under federal law, or that this is anything more than a state law housing matter. Therefore, any attempt to amend the Complaint would be futile. *See Cuoco*, 222 F. 3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the Complaint is dismissed with prejudice with respect to Plaintiffs' federal claims.

## III. Subject Matter Jurisdiction

To the extent Plaintiffs seek to bring state law claims, those claims are dismissed for lack of subject matter jurisdiction. It is well settled that "[f]ederal courts do not have subject matter jurisdiction over state eviction actions or other landlord-tenant matters." *Senior v. Univ. Towers Assoc.*, 2008 WL 649713, at *3 (E.D.N.Y. Mar. 10, 2008); *see also Rosquist v. St. Marks Realty Assoc., LLC*, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (same). Moreover, while Plaintiffs apparently attempt to invoke diversity jurisdiction by asserting that they are Canadian citizens and are suing a corporation based in New York, (*see* Compl. at 1), it appears that Plaintiffs may be domiciled in New York. Courts do not have diversity jurisdiction over an action between foreign citizens "who are lawfully admitted for permanent residence in the United States and are domiciled in the same State" as an opposing party. 28 U.S.C. § 1332(a)(2). Here, while Plaintiffs state that they are Canadian citizens, they also allege that they maintain a home in Queens, New York. (*See* Compl. at 1; Aff. at 1, Dkt. Entry 3.) Accordingly, to the extent the Complaint may be construed to allege state law claims, they are dismissed due to lack of subject matter jurisdiction; however, the dismissal is without prejudice to Plaintiffs' ability to assert their claims in state court.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs' request for a preliminary injunction and a temporary restraining order is denied, and the Complaint is dismissed with prejudice as to Plaintiffs' federal claims and without prejudice as to any state law claims Plaintiffs may have. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       May 10, 2012

/s/
DORA L. IRIZARRY
United States District Judge